## G., C. & S. F. R'Y CO. v. DORAN & ANDERSON.

### SUPREME COURT OF TEXAS, AUSTIN TERM, 1884.

*Pleading—Amendment.*—Where the suit was originally brought to recover the land and for damages thereto, and the plaintiff by trial amendment pretermits the question of title, and relies upon the allegations of damages, such change in the pleading is not the assertion of a new cause of action.

*Principal and Agent—Liability.*—A railway company is liable for injuries resulting from the negligence of contractors tnd their servants.

Appeal from Tarrant county.

### STATEMENT.

December 22, 1882, appellees brought this suit against appellant to recover the land described in the petition, and for damages resulting to the land and growing wheat by reasons of the trespass. By second or original petition, they pretermitted the question of title and set up and sought to recover for the same items of damage first asserted, to-wit : Damage to wheat, $150 ; time and labor in repairing fence, $30 ; damage to land by putting stone upon it, $100. Appellees, by trial amendment, also set up and claimed $500 as exemplary damages, etc.

Appellant excepted to the amendment on the ground that a new cause of action was set up by it ; also, because the court had no jurisdiction. And among other pleas, that the appellant had secured by deed from appellees, the right-of-way across their land, and that the road was constructed by contractors over which the company had no control. This plea was stricken out on exception, and appellant's exceptions to the trial amendment were overruled.

On May 3, 1883, the cause was tried without a jury, and judgment rendered against the appellant for the sum of $170.

By the amended petition, this suit had for its object the trial of the title to the land described in the same, and also to recover damages for injuries to appellant's crop, as well as the land resulting

from the trespass. In a subsequent amendment, appellees pretermitted the question of title, but relied upon the allegations of damage resulting from the trespass, and sought a recovery therefor. This change in the pleading was not the assertion of a new cause of action, which would have authorized the court to adjudge the costs to that date against the appellees.

In the trial amendment, it was alleged that after appellant had entered upon appellee's premises, that by and through its servants and agents, it willfully and maliciously, and in utter disregard of appellee's rights, and against their earnest protest, at divers times, pulled down and removed their fence, and thereby left their wheat crop exposed to the ravages of cattle and other stock ; and that as often as appellees would replace their fence (which was quite frequent) said servants and agents would in like manner pull down and remove the same ; and that appellees were continuously vexed, harassed and kept in fear thereby ; also, that appellant was aware of such malicious acts of its agents and servants, and ratified and confirmed the same, and for which they claimed exemplary damages in the sum of $500 in addition to the actual damages claimed in their amended petition.

The effect of the demurrer was to admit the truth of these allegations, that is, for the purpose of testing the sufficiency of the pleading to which the demurrer was directed. Thus tested, the allegations were sufficient to authorize a recovery for exemplary damage; and in cases where such recovery may be had, the amount to be awarded must be determined from the facts and circumstances of the case. In our opinion, the court did not err in overruling the demurrer to appellee's trial amendment.

As appellees had conveyed the right-of-way to appellant, they thereby consented to a proper construction of the road bed, and will be held to have waived all damages resulting from such a construction. In fact, no claim is asserted by them for any other damages than for an improper construction, and destruction of their fence, etc.

Appellant's answer, to which the demurrer was sustained, sought to avoid liability for the damages claimed, because the road was constructed across appellee's land by Roach & Tearney, independent contractors, for whose negligence, it is claimed, the appellant as not liable. In H. & G. N. R'y Co. v. Meador, (50 Tex., 77), the converse of the proposition insisted upon by appellant is held to be the

law. The decision in that case is sustained, both by reason and authority, and is decisive of the question under consideration. In our opinion, the court did not err in sustaining the demurrer to that part of appellant's answer.

Another objection urged to the judgment is, that it is not supported by the evidence. This objection is not sustained by the record. The evidence abundantly shows that the wheat crop of appellees was greatly damaged by stock, occasioned by their fence having been taken down in the construction of the road.

There was no motion made to dismiss the case after the evidence had been admitted, on the ground that it then appeared that the allegations of damage were improperly made for the purpose of imposing upon the jurisdiction of the court, nor was that question otherwise made in the court below, so as to require its consideration here.

Our conclusion is, that the judgment ought to be affirmed.
Affirmed. Watts, J.